NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO FERNANDO RODRIQUES, ) | |
| ) | 5:23-cv-02444-DSF-JPR |
| Petitioner, ) | |
| ) | |
| v. ) | **STIPULATED** |
| ) | **PROTECTIVE ORDER** |
| MERRICK B. GARLAND, ) | **AND 502(d) CLAWBACK** |
| U.S. ATTORNEY GENERAL, ) | **ORDER** |
| ) | |
| Respondent. ) | |

1

## 1.  INTRODUCTION

### 1.1   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, sensitive, proprietary, or private information, for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation may be warranted. No one subject to this Protective Order shall use Confidential Information obtained from the opposing party in this litigation in any other proceedings, including in federal or state proceedings and enforcement actions. Nothing in this Stipulation and Order shall prevent any party from using independently obtained information for legitimate law enforcement purposes. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on, or allow blanket designations of, all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. This Protective Order is an order of the Court pursuant to 5 U.S.C. § 552a(b)(11) that allows for the disclosure of documents or information whose disclosure would otherwise be prohibited by the Privacy Act of 1974. As specifically described herein, these documents shall be marked as Confidential.

### 1.2   GOOD CAUSE STATEMENT

The parties expect that information protected by federal law, including but not limited to the Privacy Act of 1974, 5 U.S.C. § 552a, as amended (the Privacy Act), will be disclosed to Petitioner in the course of discovery and produced to the Court in

pleadings, motions, and other documents. Specifically, Respondent represents that it has in its possession one or more noncitizen files (hereinafter "A-files") of individuals who are noncitizens, citizens, and/or lawful permanent residents of the United States that may be relevant to Petitioner's United States citizenship claim. These A-files contain information that is, or may be, discoverable in the instant litigation, but Respondent believes that the files are protected from disclosure under the Privacy Act. Additionally, Respondent has in its possession Petitioner's A-file, which contains identifying information, which is or may be discoverable, concerning individuals other than Petitioner. Respondent believes that this information is also protected from disclosure under the Privacy Act. Respondent may also obtain other records in its possession, including, but not limited to, social security, military, and tax records, which may be otherwise discoverable in this matter but are protected from disclosure by various federal statutes including the Privacy Act.

**2. DEFINITIONS**

2.1 "Action" shall mean the case captioned "*Ricardo Fernando Rodriques v. Merrick B. Garland*, 5:23-cv-02444-DSF-JPR, CDCA."

2.2 "Challenging Party" shall mean a Party or Non-Party that challenges the designation of information or items under this Stipulation and Order.

2.3 "Confidential Information" is any information (regardless of how it is generated, stored or maintained) or tangible thing that qualifies for protection under Federal Rule of Civil Procedure 26(c). Confidential Information encompasses but is not limited to personally identifiable information, including, but not limited to, first and last names, date of birth, place of birth, immigration status, citizenship, travel to and from the United States, phone number, work, home, and/or email address, medical and disability-related information, Social Security numbers, a-numbers, driver's license information, financial information, name of employer, professional license

numbers, photograph of any person, law enforcement sensitive information, non-public information that is For Official Use Only (FOUO), information protected by the provisions of the Privacy Act, information contained in individual detainee files (e.g., "A files") subject to disclosure conditions under the Privacy Act or any other information or documents that would be covered by the Privacy Act if the subject of the information had been a U.S. citizen or a person lawfully admitted for permanent residence, and information that is protected or restricted from disclosure under the terms of any statute or regulation, including 8 C.F.R. §§ 208.6, 1208.6, but which the Court may order to be produced.

2.4     "Counsel" means Counsel of Record for a Party or Non-Party, as well as their support staff.

2.5     "Designating Party" shall mean the party or other person who designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" under Section 5.2 of this Protective Order.

2.6     "Disclose" (or forms thereof) shall mean to distribute, provide, or otherwise make available for access, viewing, or copying Disclosure or Discovery Material.

2.7     "Disclosure or Discovery Material" shall include all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter, including a copy, summary, paraphrasing, or characterization of those items or information.

2.8     "Document" shall mean all items listed in Federal Rule of Civil Procedure 34(a)(1)(A) & (B).

2.9    "Expert" shall mean a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this Action.

2.10   A "Non-Party" is any natural person, partnership, corporation, association, governmental agency, or other legal entity not named as a party to this action.

2.11   A "Party" is any party to this Action, including all of its officers, directors, employees, consultants, retained Experts, and Counsel.

2.12   "Producing Party" shall mean the person or party producing information in discovery in the Action.

2.13   "Professional Vendor" shall mean any person or entity that provides litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   "Protected Material" means any Disclosure or Discovery Material containing Confidential Information and designated as "CONFIDENTIAL" under Section 5.2 of this Stipulation and Order.

2.15   A "Receiving Party" is any party who receives information designated as Confidential Information.

## 3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial or purport to

restrict the parties' ability to enter a separate agreement governing the use of protected material at trial.

## 4. DURATION

Even after Final Disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final Disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action with prejudice; and (2) final judgment after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

5.1    EXERCISE OF RESTRAINT AND CARE IN DESIGNATING MATERIAL FOR PROTECTION

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to only those Documents that contain Confidential Information under the appropriate standards.

Indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    MANNER AND TIMING OF DESIGNATIONS.

Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER", to each page.

(b)     If a Party initially produces documents for inspection (e.g., because of the volume of materials and to reduce unnecessary copying) or deposition transcripts, in lieu of marking the original of a document which contains Confidential Information prior to such an inspection, Counsel for the Producing Party may in writing designate documents or things being produced for inspection as containing Confidential Information, thereby making them subject to this Order. Any copies of such documents thereafter provided, however, must be marked by the Designating Party, if appropriate, in accordance with this Order at the time copies are formally produced. Tangible objects constituting or containing Confidential Information may be designated Confidential Information by affixing to the object or its container, a label or tag marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."

(c)     Documents that are designated "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER", including deposition transcripts and associated exhibits, may be disclosed to deponents who have been given a copy of this Protective Order and have signed a declaration in the form attached hereto as "Exhibit A."

(d)     For Confidential Information produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." If only a portion or portions of the information

warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(e)     With respect to documents containing Protected Material produced in Native Format, the Designating Party shall include the appropriate confidentiality designation in the filename.

(f)     A Designating Party may designate as CONFIDENTIAL information or items produced in this litigation by another Party or Non-Party that contains or is derived from the Designating Party's own such Designations, subject to the restrictions set forth in the Order. Each Party that designates such information or items as CONFIDENTIAL will be treated as the Designating Party for purposes of this Order.

5.3   INADVERTENT FAILURES TO DESIGNATE

(a)     An inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

(b)     If a Receiving Party learns that, by inadvertence or otherwise, it, or a person to whom it has disclosed Confidential Information in accordance with this Protective Order, has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party shall, upon learning of the unauthorized disclosure: (1) promptly notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains Confidential Information subject to this Protective Order; (2) promptly make all reasonable efforts to obtain the return of the Confidential Information and to prevent further unauthorized disclosures of the Confidential Information, including requesting the person who received the unauthorized

disclosure to agree to be bound by the terms of this Protective Order by executing a declaration in the form attached as "Exhibit A"; and (3) within five (5) calendar days notify the Producing Party and all other Parties of the identity of the person(s) to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Confidential Information that was the subject of the unauthorized disclosure.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

### 6.1 TIMING OF CHALLENGES

Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

### 6.2 MEET AND CONFER

The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

### 7.1 BASIC PRINCIPLES

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle the instant Action. A Receiving Party may not use Protected Material in any other legal proceeding, except as permitted by order of court, or as agreed by the parties. As noted in this agreement, no one subject to this Protective

Order shall use Confidential Information obtained from the Opposing Party in this litigation in any other proceedings, including in federal or state proceedings and enforcement actions. Nothing in this Order shall prevent any Party from using independently obtained information for legitimate law enforcement purposes. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   DISCLOSURE OF CONFIDENTIAL INFORMATION OR ITEMS

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Counsel in this Action, as well as employees and any legal, investigative, technical, administrative, and other support staff of said Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b) the Receiving Party itself, including the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) or independent consultants (and their staff) retained by Counsel for the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions or appointed by the Court.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order unless prohibited by law;

(b) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission or is otherwise ordered by the court. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

### 9.1   GENERALLY

The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

### 9.2   DISCLOSURE, USE, AND HANDLING OF CONFIDENTIAL INFORMATION

Upon designating documents as Confidential Information, Respondent is authorized to release to counsel for Petitioner and the Court in this case, such documents, including documents from A-files and other files maintained by federal agencies, which contain discoverable, unredacted Non-Party Confidential Information, without obtaining written consent of the Non-Party whose names, addresses, and other Confidential Information may be present in such documents.

9.3    OBLIGATION BY PARTY TO PRODUCE NON-PARTY CONFIDENTIAL INFORMATION SUBJECT TO A NON-PRODUCTION AGREEMENT

(a)    In the event that a Party is required by a valid discovery request to produce a Non-Party's Confidential Information in its possession and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Confidential Information, then the Party must

(1) promptly notify in writing the requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(b)    If the Non-Party fails to seek a protective order within 21 days of receiving the notice and accompanying information, the Party may produce the Non-Party's Confidential Information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Party must not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a ruling on the protective-order request or other court order. Absent a court order to the contrary, the Non-Party must bear the burden and expense of seeking protection of its Protected Material.

## 10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Party must immediately (a) notify in writing the Designating Party

of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.    INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION**

(a)    The Court hereby orders pursuant to Rule 502(d) of the Federal Rules of Evidence, Rule 26(b) of the Federal Rules of Civil Procedure, and the Court's inherent authority that the production of a document, or part of a document, shall not constitute a waiver of any privilege or protection as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this or in any other proceeding, subject to this Protective Order.

(b)    This Order applies to attorney-client privilege, work-product protection as defined by Federal Rule of Civil Procedure Rule 26(b), governmental privileges, or any other applicable privilege. Nothing in this Order shall constitute an admission that any document disclosed in this litigation is subject to any of the foregoing privileges or protections, or that any Party is entitled to raise or assert such privileges. Additionally, nothing in this Order shall prohibit Parties from withholding from production any document covered by any applicable privilege or other protection.

(c)    The parties intend that this stipulated Order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2). That is, the disclosure of privileged or protected information, as described above, in this litigation shall not constitute a subject matter waiver of the privilege or protection in this or any other federal or state proceeding, regardless of the standard of care or specific steps taken to prevent disclosure. However, nothing in this Order shall limit a Party's right to conduct a pre-production review of documents as it deems appropriate.

(d)     The procedures applicable to a claim of privilege on a produced Document and the resolution thereof shall be as follows:

(1)     If a Receiving Party discovers a Document, or part thereof, produced by a Producing Party that appears to be privileged or otherwise protected, the Receiving Party shall promptly notify the Producing Party. Upon confirmation from the Producing Party that the identified Document contains Produced Privileged Information and a request from the Producing Party to comply with the stipulations in this Order ("Privilege Notice"), the Receiving Party must return the Document or destroy it and certify that it has been destroyed to the Producing Party. The Receiving Party must also promptly identify, sequester, and destroy any notes taken about the Document. If a Receiving Party disclosed the Document specified before receiving the Privilege Notice, it must take reasonable steps to retrieve it, and so notify the Producing Party of the disclosure and its efforts to retrieve the Document. In addition, the Receiving Party may not make use of that Document for any purpose. Nothing in this Order is intended to shift the burden to identify privileged and protected Documents from the Producing Party to the Receiving Party.

(2)     If in connection with the pending Action a Producing Party determines that a Document containing Privileged Information, or part thereof, was produced by the Producing Party, the Producing Party shall provide notice to the Receiving Party. The notice must contain information sufficient to identify the Document, such as a Bates number or other identifying information. The Receiving Party must promptly — within five (5) days — sequester, return, or destroy the specified Document(s) and any copies and certify to the Producing Party through the Receiving Party's Counsel of Record that the Document(s) and copies have been destroyed. The Receiving Party must sequester any notes taken about the Document. If a Receiving Party disclosed the Document or

information specified in the notice before receiving the Privilege Notice, the Receiving Party must take reasonable steps to retrieve it, and so notify the Producing Party of the disclosure and its efforts to retrieve the Document or information.

(3)     Within fourteen (14) calendar days of the notification that disclosed information has been returned or destroyed, or within a different time upon written agreement of the Parties or order of the Court, the Producing Party shall produce a privilege log with respect to the Documents or portion thereof included in the notification.

(4)     Upon receiving the notification, if a Receiving Party wishes to dispute a Producing Party's notification, the Receiving Party shall promptly— within seven (7) days—meet and confer with the Producing Party. The Document(s) shall be sequestered immediately upon receiving the notification and not be used by the Receiving Party in the Action (e.g., filed as an exhibit to a pleading; used in deposition) while the dispute is pending. If the Parties are unable to come to an agreement about the privilege assertions made in the privilege notice, the Producing Party may make a motion for a judicial determination of the privilege claim. The motion shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

(5)     The Producing Party retains the burden of establishing the privileged or protected nature of any produced Privileged Information. Nothing in this Order shall limit the right of any Party to petition the Court for an order compelling production of such disclosed Document(s) or to request an in camera review of the disclosed information or Document.

(6)     Pending resolution of the judicial determination, the Parties shall refrain from using the challenged information for any purpose and shall not disclose it to any person other than those required by law to be served with a

copy of the motion to the Court. The Receiving Party's motion challenging the assertion must not publicly disclose the information claimed to be privileged. Any further briefing by any Party shall also not publicly disclose the information claimed to be privileged if the privilege claim remains unresolved or is resolved in the Producing Party's favor.

(7)    If a Document must be returned or destroyed as determined by the process above, that Document, along with copies and notes about the Document, that exist on back-up tapes, information technology ("IT") systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials shall be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions. Receiving Parties shall also remain bound by the Protective Order in this Action as long as such information is retained on any of the Receiving Party's systems, and the information must be treated in conformity with this Protective Order.

## 12.    MISCELLANEOUS

### 12.1    RIGHT TO FURTHER RELIEF

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

### 12.2    RIGHT TO ASSERT OTHER OBJECTIONS

By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

### 12.3    FILING PROTECTED MATERIAL

17

A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.

## 13.    FINAL DISPOSITION

### 13.1 RETURN OR DESTROY PROTECTED MATERIALS

Within 60 days after the Final Disposition of this Action, and upon a written request by the Designating Party, each Receiving Party must use commercially reasonable efforts to return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.

### 13.2    CERTIFICATION OF RETURN OR DESTRUCTION

Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) within 60 days after the Final Disposition of this Action that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

### 13.3    USE OF ARCHIVAL OR BACKUP DATA

Notwithstanding other provisions in this Order, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

Counsel also shall not be required to delete Protected Material that may reside on their respective parties', firms', or vendors' electronic disaster recovery systems that are overwritten in the normal course of business, or Protected Material that may reside in electronic files which are not reasonably accessible.  However, parties and their Counsel shall not retrieve, access, nor use any Protected Material from said electronic disaster recovery systems or other not-reasonably accessible data sources after the conclusion of the matter.

**14. VIOLATION**

Any willful violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

Dated: 4/19/2024

_____
HON. JEAN P. ROSENBLUTH
United States Magistrate Judge

Respectfully submitted on this 8th day of April, 2024.

Attorney for the Petitioner:                    Attorneys for Respondent:

1

2
*/s/ Jeremy R. Kauffman*                    */s/ Lindsay M. Vick*

3
Jeremy R. Kauffman                        Lindsay M. Vick
                                          Jesi J. Carlson
4
Jones Day                                 David Kim
555 S. Flower St.                         Robert D. Tennyson, Jr.
5
Fiftieth Floor                            Office of Immigration Litigation
6
Los Angeles, CA 90071                     United States Department of Justice
Telephone:  213.243.2544                  PO Box 878, Ben Franklin Station
7
                                          Washington, DC 20044
8
Email:      jkauffman@jonesday.com        Telephone:  (202) 532-4023

9
                                          Email:  Lindsay.vick@usdoj.gov
10
                                                  jesi.j.carlson@usdoj.gov
                                                  robert.d.tennyson@usdoj.gov
11
                                                  david.kim4@usdoj.gov
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Exhibit A

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICARDO FERNANDO RODRIQUES,   ) | |
|                      ) | 5:23-cv-02444-DSF-JPR |
|       Petitioner,   ) | |
|                      ) | |
| v.                       ) | |
|                      ) | |
| MERRICK B. GARLAND,       ) | |
| U.S. ATTORNEY GENERAL,    ) | |
|                      ) | |
|       Respondent.   ) | |

---

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____[date] in the instant case of *Ricardo Fernando Roriques v. Merrick B. Garland*, Civil Action No. 5:23-cv-02444-DSF-JPR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____